IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COURTNEY MANUEL MEDINA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3773 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2014 conviction for aggravated robbery.

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Public state court records show that petitioner pleaded guilty to aggravated robbery in Fort Bend County, Texas, and was sentenced on August 18, 2014. No direct appeal was taken. Petitioner filed an application for state habeas relief with the trial court on April 2, 2019, which was denied by the Texas Court of Criminal Appeals on November 13, 2019.

Petitioner's conviction became final on September 17, 2014, and the one-year AEDPA limitation expired on September 17, 2015. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (explaining that when a Texas defendant does not appeal his conviction, it becomes final thirty days later). Because petitioner's application for state habeas relief was filed after expiration of the AEDPA one-year limitation, the application had no tolling effect. *Id.* at 263 (holding that a "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

In his pending petition and memorandum of law, petitioner claims that trial counsel "psychologically coerced" him into pleading guilty by failing to challenge the evidence, a witness, or the judge's refusal to hold a suppression hearing. Petitioner's petition was filed no earlier than October 22, 2020, more than five years after limitations expired. Because the petition showed on its face that it was barred by limitations, this Court ordered petitioner to show cause why his petition should not be dismissed as untimely. In response, petitioner stated that, for five years, trial counsel failed to provide him copies of the trial record, such that he was unable to file a credible habeas petition. (Docket Entry No. 10.) This is insufficient to hold the instant petition timely filed.

Petitioner does not argue that any unconstitutional "State action" prevented him from filing a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do his claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Moreover, petitioner does not show that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). In short, petitioner does not show that lack of the state court record actually prevented his filing of a timely habeas petition.

Further, petitioner does not argue, much less establish, any grounds for equitable tolling. *See Perry v. Quarterman*, 2006 WL 2365569, at *2 (S.D. Tex. Aug. 14, 2006) ("A habeas corpus petitioner is not entitled to an extended delay, however, while he gathers

evidence that might support his claim. Thus, an inmate's lack of access to state court records does not typically present an "exceptional circumstance" that would warrant equitable tolling."); *see also Roughley v. Cockrell*, 2002 WL 1899622 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on a prisoner's unfulfilled request for state court records).[1]

Petitioner presents no meritorious basis for holding his petition timely filed. This lawsuit is **DISMISSED WITH PREJUDICE** as barred by the AEDPA one-year statute of limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 18th day of June, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Despite his lack of a state court record, petitioner filed a federal habeas petition in 2017 challenging the 2014 conviction. *See Medina v. Davis*, C.A. No. H-17-3475 (S.D. Tex. Nov. 20, 2017). The petition was dismissed without prejudice as unexhausted.